**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **P10 INDUSTRIES, INC.** | § | **Case No. 17-50635-cag** |
| | § | |
| **Debtor.** | § | |
| | § | |

**DEBTOR'S EMERGENCY MOTION FOR AN ORDER (I) COMBINING
THE HEARING ON THE PREPACKAGED PLAN OF THE DEBTOR
AND DISCLOSURE STATEMENT, (II) APPROVING NOTICES
RELATED THERETO, AND (III) GRANTING RELATED RELIEF**

P10 Industries, Inc., a Delaware corporation formerly known as Active Power Inc., as debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), files this *Debtor's Emergency Motion for an Order (I) Combining the Hearing on the Prepackaged Plan of the Debtor and Disclosure Statement, (II) Approving Notices Related Thereto, and (III) Granting Related Relief* (the "Motion") and in support thereof, respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. To preserve the value of its assets and restructure its financial affairs, on March 22, 2017 (the "Petition Date"), the Debtor commenced the above captioned case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No request for the

appointment of a trustee or examiner has been made in the Chapter 11 Case, and no committees have been appointed or designated.

3. Concurrently with the commencement of the Chapter 11 Case, the Debtor is filing its *Prepackaged Plan of Reorganization for P10 Industries, Inc. Under Chapter 11 of the United States Bankruptcy Code* (the "Prepackaged Plan")[1] and *Disclosure Statement Under 11 U.S.C. § 1125 in Support of the Prepackaged Plan of Reorganization for P10 Industries, Inc. Under Chapter 11 of the United States Bankruptcy Code* (the "Disclosure Statement"). All classes of claims and interests under the Prepackaged Plan are unimpaired and are therefore deemed to accept the Prepackaged Plan. Therefore, the Debtor did not solicit the votes of any of its creditors or shareholders. The Debtor is requesting that the Bankruptcy Court set a date for a hearing to determine whether the requirements of confirmation of the Prepackaged Plan have been satisfied within thirty 35 days of the Petition Date.

4. A detailed description of the Debtor and its business, and the facts and circumstances supporting the Motion and the Debtor's Chapter 11 Case is set forth in greater detail in the *Declaration of James A. Powers, Chief Financial Officer in Support of First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

## Relief Requested

5. The Debtor requests entry of an order setting a combined hearing on confirmation of the Prepackaged Plan and approval of the Disclosure Statement, and granting related relief.

6. Specifically, the Debtor requests that the Bankruptcy Court:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning assigned to such terms in the Prepackaged Plan.

(a) Set a combined hearing to consider approval of the adequacy of the Disclosure Statement and confirmation of the Prepackaged Plan (the "Combined Hearing");

(b) Approve (i) the time fixed for filing objections to the adequacy of the Disclosure Statement and/or to confirmation of the Prepackaged Plan and (ii) the time, date, and place of the Combined Hearing;

(c) Approve the Combined Hearing Notice, Notice of Unimpaired Non-Voting Status, and Publication Notice (each as defined below);

(d) Waive Bankruptcy Rule 3020(e); and

(e) Grant other related relief.

**Basis for Relief Requested**

**A. Setting Combined Hearing Date on Approval of Disclosure Statement and Prepackaged Plan and Approval of Combined Hearing Notice and Objection Procedures**

　　*i. Combined Hearing Date, Combined Hearing Notice, and Objection Deadline*

7. Bankruptcy Code § 1128 provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128. Bankruptcy Code § 105 expressly provides that a court may issue an order that "provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan." 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases.").

8. Bankruptcy Rule 3017 requires that notice of the hearing to consider the proposed disclosure statement be provided to creditors and other parties in interest, and that the court shall hold a hearing to consider the disclosure statement and any objections thereto on twenty-eight days' notice as provided in Rule 2002. Pursuant to Bankruptcy Rule 3020(b), objections to confirmation of a plan must be filed and served "within a time fixed by the court."

9. In accordance with Bankruptcy Rules 2002, 3017, 3020, and 9006, the Debtor proposes to provide to all creditors and shareholders the notice of combined hearing substantially in the form annexed hereto as **Exhibit A**, (the "Combined Hearing Notice") setting forth (i) the procedure for obtaining a copy of the Disclosure Statement and the Prepackaged Plan, (ii) the deadline for filing objections to confirmation of the Prepackaged Plan and the Disclosure Statement, and (iii) the time, date, and place for the Combined Hearing. Assuming an Order is entered on or before March 23, 2017, the Debtor shall transmit by March 29, 2017, the Combined Hearing Notice to all creditors and parties with an interest in the Prepackaged Plan. Copies of the Disclosure Statement and Prepackaged Plan will also be provided upon request to counsel for the Debtor.

10. The Debtor requests that the Combined Hearing be scheduled for not later than April 28, 2017, or as soon as possible thereafter as the Court's calendar will permit, and that the deadline for objecting to the Disclosure Statement and/or confirmation of the Prepackaged Plan be established as April 26, 2017, at 4:00 p.m. (CST) (the "Objection Deadline"). Because the Combined Hearing Notice will be served on or before March 29, 2017, parties in interest will receive at least twenty-eight (28) days' notice of the Objection Deadline and thirty (30) days' notice of the Combined Hearing date. The proposed Objection Deadline will afford the Court, the Debtor, and other parties in interest sufficient time to consider the objections and proposed modifications prior to the Combined Hearing.

11. The Debtor believes that the foregoing procedures will provide adequate notice of the Combined Hearing and the Objection Deadline related thereto. Accordingly, the Debtor respectfully requests that (i) the Combined Hearing be scheduled for April 28, 2017, or as soon thereafter as the Court's calendar will permit and (ii) the Objection Deadline be established as April 26, 2017, at 4:00 p.m. (CDT).

### ii. *Procedure for Objecting to the Prepackaged Plan and/or Disclosure Statement*

12. The Combined Hearing Notice provides, and the Debtor requests that the Court direct, that any objections to the adequacy of the Disclosure Statement or confirmation of the Prepackaged Plan must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or proposed modification to the Prepackaged Plan to cure such Objection, and (iv) be filed, together with proof of service, with the Court and served so as to be actually received no later than 4:00 p.m. (CDT) on April 26, 2017, by: (a) counsel for the Debtor; (b) counsel for 210 (as defined in the Prepackaged Plan); and (c) and the Office of the United States Trustee for the Western District of Texas.

13. Pursuant to Bankruptcy Code § 1127, the Debtor reserves the right to modify the Prepackaged Plan, prior to or during, the Combined Hearing in order to address any objections or as otherwise appropriate. Modifications of the Prepackaged Plan will be filed with the Court.

## B. Approval of Notice of Unimpaired Non-Voting Status

14. Bankruptcy Rule 3017(d) provides, in relevant part, as follows:

> If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

Fed. R. Bankr. P. 3017(d). The holders of Claims in Classes 1, 2, 3, and 4, and holders of Interests in Class 5 (collectively, the "Unimpaired Non-Voting Classes") are unimpaired under the Prepackaged Plan. Therefore, the holders of claims and interests in such classes are conclusively presumed to accept the Prepackaged Plan. 11 U.S.C. § 1126(f).

15. Consistent with Bankruptcy Rule 3017(d), the Debtor proposes to send to holders of such unimpaired claims a Combined Hearing Notice and a Notice of Unimpaired Non-Voting Status, substantially in the form annexed hereto as **Exhibit B** (the "Notice of Unimpaired Non-Voting Status"), which identifies each such class as unimpaired and provides instructions to such holders of unimpaired claims regarding the availability of the Prepackaged Plan and Disclosure Statement and how copies may be obtained. As noted above, the Debtor requests that the Court determine that they are not required to distribute copies of the Prepackaged Plan and Disclosure Statement, to any holder of a claim or interest in the Unimpaired Non-Voting Classes, unless such party makes a written request for paper copies of such documents to Eric Terry Law, PLLC Att: Eric Terry, 4040 Broadway Street, Suite 350, San Antonio, Texas 78209, or by email at eric@ericterrylaw.com. The Debtor will make an electronic copy of the Pre-Packaged Plan and Disclosure Statement available on the internet address provided in the order granting this motion. The Debtor therefore requests that the Court approve the Notice of Unimpaired Non-Voting Status

### C. Approval of Publication Notice

16. Additionally, the Debtor intends to publish the notice of commencement of the Chapter 11 Case and notice of combined hearing in the form attached hereto as **Exhibit C** in the national edition of one of the following newspapers: The Wall Street Journal, The New York Times, or USA Today (the "Publication Notice"). The Debtor therefore requests that the Court approve the Publication Notice.[2]

---

[2] Pursuant to the *Debtor's Emergency Motion for Order (I) Authorizing the Mailing of Notices, (II) Establishing a Bar Date for Filing Proofs of Claim, (III) Establishing Ramifications for Failure to Timely File Claims, (IV) Approving Consolidated Notice of (A) Case Commencement and (B) Bar Date, and (V) Approving Notice Procedures* (the "Motion to Shorten Bar Date") filed contemporaneously herewith, the Debtor is also seeking to shorten the bar date for filing proofs of claim in the Chapter 11 Case and is seeking authorization to file the Publication Notice incorporating information relating to the shortened bar date. For purposes of efficiency, the Debtor is proposing to make a single publication notice that will include the information from both the Motion and the Motion to Shorten Bar Date. To the extent the Motion to Shorten Bar Date is not approved or the relief requested therein relating to the Publication Notice is modified, the Publication Notice will be modified accordingly.

**D. Approval of the Disclosure Statement and Confirmation of the Prepackaged Plan**

17. The Debtor requests approval of the Disclosure Statement and confirmation of the Prepackaged Plan. As will be described in more detail in a brief supporting final approval of the Disclosure Statement and confirmation to be filed in advance of the Combined Hearing, and as will be established at the Combined Hearing, the Disclosure Statement and Prepackaged Plan satisfy all of the requirements for approval and confirmation under the Bankruptcy Code.

**E. Related Relief**

18. The Debtor also seeks relief from compliance with certain requirements in the Bankruptcy Rules and the Bankruptcy Code. Specifically, relying upon Bankruptcy Code § 341(e), the Debtor requests that the Court enter an order directing the United States Trustee not to convene a meeting of creditors or equity security holders. As discussed herein, the Debtor's creditors are unimpaired under the Prepackaged Plan. The Debtor, therefore, believes that a waiver of the meeting of creditors and equity security holders is appropriate under these circumstances.

19. Additionally, given the expedited nature of the Chapter 11 Case, the Debtor requests that the Court enter an order waiving the Debtor's requirement to file or provide any periodic operating reports pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules, except as may be provided specifically in the Prepackaged Plan or order confirming the Prepackaged Plan.

## Request for Waiver of Stay

20. Bankruptcy Rule 3020(e) provides that the effectiveness of a confirmation order is stayed until fourteen days after the entry of the order, "unless the court orders otherwise." The Debtor seeks a waiver of the fourteen-day stay under Bankruptcy Rule 3020(e), such that an order confirming the Prepackaged Plan will be immediately effective upon its entry.

WHEREFORE, the Debtor respectfully requests that the Court (i) grant the Motion and (ii) grant such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 22 day of March 2017

**ERIC TERRY LAW PLLC**

By: */s/ Eric Terry*
Eric Terry
Texas Bar No. 00794729
4040 Broadway, Ste. 350
San Antonio, TX 78209
Telephone: (210) 468-8274
Facsimile: (210)-319-5447
**PROPOSED COUNSEL FOR DEBTOR**